## NORTHROP v. POUGHKEEPSIE CITY & WAPPINGERS FALLS ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. STREET RAILROADS—VEHICLES—INJURIES TO DRIVERS—QUESTION FOR JURY.

Where, in an action against a street railway company for injuries to plaintiff in a collision between one of its cars and a baker's wagon driven by him, plaintiff's evidence showed there was no car in sight, or, if it was in sight, it was at such a distance that he might assume that he could cross in safety, while, according to defendant's evidence, plaintiff did not turn to cross until the car was within 20 feet of his wagon, when it was too late for the motorman, by the exercise of any degree of care, to avoid a collision, the issues were properly submitted to the jury.

2. SAME—WITNESSES.

Where, in an action for injuries to plaintiff in a collision with a baker's wagon which he was driving and a street car, he testified that there was a curve in the track, which obstructed his view of the car, evidence of passengers in the car that, when seated at the place where the accident occurred, they could see a further distance westward along the street than plaintiff testified that it was possible for him to see when he attempted to cross the track, was admissible; it appearing that the conditions for obtaining a distant view by such witnesses were less favorable than they were to plaintiff.

Appeal from Trial Term, Dutchess County.

Action by James P. Northrop against the Poughkeepsie City & Wappingers Falls Electric Railway Company. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Edgar C. Beecroft, for appellant.
Morschauser & Wood, for respondent.

WILLARD BARTLETT, J. This is a negligence suit, arising out of a collision between one of the defendant's electric cars and a baker's wagon driven by the plaintiff on Main street, in the city of Poughkeepsie. On the first trial the plaintiff recovered a judgment, which was reversed on account of the refusal of the trial judge to charge one of the defendant's requests. Northrop v. Poughkeepsie etc., Railway Co., 74 App. Div. 625, 77 N. Y. Supp. 1134. On the second trial, which now comes up for review, the jury rendered a verdict in favor of the defendant.

The first proposition argued in behalf of the appellant, that the verdict was contrary to the evidence, is not sustained by the record. There was a clear conflict of evidence as to the circumstances under which the collision occurred, and it would have been error to refuse to submit the issues to the jury. According to the plaintiff's account of the collision, there was no car in sight when he turned his horse to cross the track, or, at all events, the car was at such a distance that he might assume that he could cross in safety, whereas, according to the witnesses for the defendant, the plaintiff did not turn to cross until the car was within 20 feet of his wagon, when it was too late for the motorman, by the exercise of any degree of care, to avoid the collision.

The only other question presented by the appeal relates to the admission of the testimony of several witnesses to the effect that, when seated in a car at the place where the accident occurred, they could see a further distance westward along Main street than the plaintiff testified it was possible for him to see when he attempted to cross the defendant's railway track. It is objected that this testimony was inadmissible because the conditions under which the witnesses made their observations were not shown to be the same as those which affected the plaintiff at the time of the accident. The conditions, however, for obtaining a distant view, appear to have been less favorable to the witnesses than they were to the plaintiff, and under these circumstances the testimony was properly received. Furthermore, it tended directly to contradict the statement of the plaintiff that there was a curve in the track which obstructed the view, and it was clearly relevant for that purpose.

The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.